SARTAIN, Judge.
Plaintiff-appellant, Cornelius Lanieux, brings this appeal from judgment rendered against him dismissing his claim for personal injuries and other damages asserted against defendant, State of Louisiana Through the Louisiana State Penitentiary and the Department of Corrections. We affirm.
The record shows that plaintiff, an inmate in the State Penitentiary at Angola, was a member of a range crew which engaged in herding cows and separating calves. Plaintiff performed his function in this task on horseback and while so engaged was fallen upon by the horse he was riding when the horse slipped and fell. As a result of this incident plaintiff claims damages to his left leg, ankle and foot.
Plaintiff argues on appeal that defendant was negligent in not having the horse shod and/or for placing plaintiff in a known dangerous job. He further asks for an award of damages for inadequate medical care received following the accident.
Plaintiff’s testimony at trial is to the effect that he was familiar with the horse and had done this kind of work all his life. In fact, the horse he was riding on the day of the incident had been broken and trained by him. He stated that the accident occurred when the horse, attempting to work, whirled, but due to the boggy condition of the soil, slipped and fell. Plaintiff claims that had the horse been shod it *616 would have had more stability and would not have fallen.
Victor Wright testified on behalf of the plaintiff and stated that although he was not present on the day of the accident he was familiar with the horses at Angola, had worked with them previously, and that very few of them were shod.
James Oliveaux, an employee at Angola for the last twenty-four years, was in charge of the range crew on the day of the incident and testified that he saw the accident. He stated that the particular horse upon which plaintiff was riding had a “soft mouth” and didn’t need much pressure to make her respond. He stated further that he observed plaintiff pull the reins too hard thus causing the horse to rear and stumble.
Donald McNeil, another employee at Angola and member of the range crew, stated that he, too, observed the accident and saw plaintiff pull the reins too quickly and too hard, causing the mare to raise up. He also acknowledged that the horses were not shod but stated the ground was generally too hard to keep the horses shod and the horses were able to perform better without shoes.
No other witnesses were called to testify.
The trial court concluded upon hearing the evidence that plaintiff was familiar with the horse and that the cause of the accident was the negligent conduct of plaintiff himself in reining back on the mare with excessive force.
 We find no manifest error in the trial judge’s conclusion that the testimony of the two Angola employees was accurate and in fact plaintiff did rein the horse excessively. Even absent such a finding there is no evidence in the record to substantiate the plaintiff’s position that the cause in fact of the accident was lack of shoes on the horse.
We find no merit to plaintiff’s argument that he was placed in a dangerous job by the state. Assuming, arguendo, that such action by the state could be a valid basis upon which to state a cause of action, plaintiff himself testified at trial as follows :
“Q. You say you are experienced enough to handle a horse ?
A. Yes, sir.
Q. And you were doing a job that you could do?
A. Yes, sir.
Q. Did you feel any danger in it?
A. No, sir.”
Furthermore, the facts of the case itself do not indicate that the job in which plaintiff was engaged at the time of the accident was particularly dangerous.
As to plaintiff’s claim for damages due to inadequate medical care following the accident, we find no competent evidence in the record. The only evidence submitted in support of this claim is the hospital records and the testimony of the plaintiff himself describing the medical procedure used in treatment. He stated that it was not until four days following the accident that he was able to see a doctor. However, it appears that x-rays were taken and medication administered immediately following the accident albeit not by a doctor. Absent expert medical testimony it would be conjecture on our part to say that this treatment received by plaintiff for his particular injuries was either insufficient or inadequate.
For the above and foregoing reasons, the decision of the trial court is affirmed at ' appellant’s cost.
AFFIRMED.